**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LADARIUS JOHNSON and ANDRIANE ELEY, | ) |
| | ) |
| | ) Civil Case No: |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| | ) |
| THE STATE OF GEORGIA, | ) |
| FULTON COUNTY DISTRICT | ) |
| ATTORNEY'S OFFICE, | ) |
| DEA AGENTS JOHN/JANE | ) |
| DOES 1–5, | ) |
| UNKNOWN STATE AGENTS | ) |
| AND EMPLOYEES, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF,
DAMAGES, AND OTHER RELIEF**

**(42 U.S.C. § 1983; FOURTH, FIFTH, AND FOURTEENTH
AMENDMENTS; CAFRA VIOLATIONS; CONVERSION; BIVENS
CLAIM)**

**INTRODUCTION**

1. This is a civil rights and constitutional tort action challenging the unlawful seizure and prolonged retention of Plaintiffs' property in violation of the Fourth, Fifth, and Fourteenth Amendments. Plaintiffs seek declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983, CAFRA (18 U.S.C. § 983), and Georgia common law.

2. Although a state court forfeiture case was dismissed without prejudice due to lack of service and prosecution, Defendants have continued to retain valuable property belonging to Plaintiffs, including vehicles for which Plaintiffs remain financially liable.

3. This case arises from a forfeiture process that originated with federal agents and was improperly transferred to state authorities without lawful notice, due process, or judicial oversight. The government's continued detention of Plaintiffs' property is unconstitutional, unlawful, and malicious.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred in Fulton County, Georgia.

## PARTIES

6. **Plaintiff LADARIUS JOHNSON** is a resident of Georgia, lawful owner/possessor of seized property, including a 2021 Chevrolet Corvette and a 2019 Cadillac Escalade.

7. **Plaintiff ANDRIANE ELEY** is a resident of Georgia and co-claimant in the state forfeiture proceeding. Criminal charges against her were dismissed.

8. **Defendant THE STATE OF GEORGIA** is a sovereign entity liable under Ex Parte Young doctrine for injunctive and declaratory relief.

9. **Defendant FULTON COUNTY DISTRICT ATTORNEY'S OFFICE** is responsible for filing and prosecuting the unlawful state forfeiture case.

10. **Defendants JOHN/JANE DOE AGENTS** are individuals employed by DEA or the State of Georgia whose actions or omissions violated Plaintiffs' constitutional rights.

## FACTUAL ALLEGATIONS

11. In 2022, DEA agents seized property from Plaintiffs' home during an investigation stemming from a prescription bottle unrelated to Plaintiffs.

12. Plaintiffs filed timely claims in the administrative forfeiture. The DEA did not file a judicial complaint within 90 days, as required under 18 U.S.C. § 983(a)(3)(A).

13. Instead, the DEA transferred the property to the Fulton County DA's Office without notice to Plaintiffs or their counsel.

14. On March 3, 2023, the DA's Office filed a civil forfeiture complaint in Fulton County Superior Court.

15. The Court dismissed the action on January 19, 2024, noting explicitly that Plaintiffs were never served, and no proof of service was filed.

16. Despite dismissal, Defendants continue to hold the property without a court order, legal process, or justification.

17. Plaintiffs continue to pay for the seized vehicles, and have been denied access to their property for over two years.

18. Defendants have violated CAFRA, the Fourth and Fourteenth Amendments, and Georgia tort law.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF FOURTH AMENDMENT

## (42 U.S.C. § 1983 – Unlawful Seizure and Retention)

19. Defendants' continued retention of Plaintiffs' property without a valid warrant, court order, or pending forfeiture case constitutes a continuing unlawful seizure.

## COUNT II: VIOLATION OF FOURTEENTH AMENDMENT

## (42 U.S.C. § 1983 – Procedural Due Process)

20. Defendants deprived Plaintiffs of property without notice or opportunity to be heard, in violation of clearly established due process rights.

## COUNT III: VIOLATION OF FOURTEENTH AMENDMENT

**(42 U.S.C. § 1983 – Substantive Due Process)**

21. Defendants' retention of property post-dismissal constitutes arbitrary governmental conduct that shocks the conscience.

**COUNT IV: CONVERSION**

**(Georgia Common Law)**

22. Defendants wrongfully assumed control over Plaintiffs' personal property and refused to return it upon demand, constituting conversion.

**COUNT V: CAFRA VIOLATIONS**

**(18 U.S.C. § 983)**

23. DEA agents failed to comply with CAFRA's mandatory timelines and unlawfully transferred property to state custody without judicial oversight or notice.

**COUNT VI: BIVENS CLAIM (FEDERAL AGENTS)**

**(Violation of Fourth and Fifth Amendments)**

24. To the extent DEA agents unlawfully transferred property in violation of Plaintiffs' constitutional rights, Plaintiffs seek damages under Bivens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare Defendants' conduct unconstitutional;

2. Order the immediate return of all seized property;

3. Award compensatory damages for financial losses, including continued vehicle payments;

4. Award punitive damages against individual state actors for reckless disregard of constitutional rights;

5. Award attorneys' fees and costs under 42 U.S.C. § 1988;

6. Grant all other just and proper relief.

**Plaintiffs demand a trial by jury on all issues so triable.**

**Respectfully submitted this 18th day of September 2025.**

**LAW OFFICE OF MIKE T. STERLING**
/s/ Michael T. Sterling, Sr.
Michael T. Sterling, Sr.
Georgia Bar No. 745667
318 Cherokee Ave., Unit B-106
Atlanta, GA 30312
Mike@MikeTSterlinglaw.com
(404) 664-1921

**Attorney for Plaintiffs**