**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LADARIUS JOHNSON and<br>ANDRIANE ELEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF GEORGIA,<br>FULTON COUNTY DISTRICT<br>ATTORNEY'S OFFICE,<br>DEA AGENTS JOHN/JANE<br>DOES 1-5,<br>UNKNOWN STATE AGENTS<br>AND EMPLOYEES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:25-cv-05359-JPM |

**BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS**

Defendant Office of the District Attorney for the Atlantic Judicial Circuit[1] ("Defendant DA Office"), through counsel, submits this brief in support of its motion to dismiss all claims asserted in the complaint. Doc. 16.

## INTRODUCTION

Plaintiffs Ladarius Johnson and Andriane Eley initiated this action by complaint filed on September 18, 2025. Doc. 1. The complaint names as

[1] Plaintiffs mistakenly named Defendant as "Fulton County District Attorney's Office" in their Complaint.

Defendants the State of Georgia, the Fulton County District Attorney's Office, "DEA Agents John/Jane Does 1-5," and "Unknown State Agents and Employees." *Id*. It complains of an alleged "unlawful seizure and prolonged retention of Plaintiff's property" and asserts claims under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106-185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, and a conversion claim under Georgia law.

As support for the claims, the complaint alleges that DEA agents seized property from Plaintiff's home during an investigation; that the DEA later transferred the property to the DA Office; that in March 2023 the DA Office filed a civil forfeiture complaint in Fulton County Superior Court but that court dismissed the action in January 2024 based on lack of service; and that, notwithstanding the dismissal of the civil forfeiture complaint, "Defendants continue to hold the property without a court order, legal process, or justification." *Id*. at 3-4. While the term "Defendants" is used here without specification as to who allegedly continues to hold the property, there is no allegation showing involvement of the State of Georgia. *Id*.

As relief, Plaintiffs seek return of the property and money damages. *Id.* at 6.

## ARGUMENT AND CITATION OF AUTHORITY

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). A pleading that establishes no more than the possibility of unlawful conduct does not state a claim for relief. *See id.* The complaint must contain "factual enhancement" to support its assertions of unlawful conduct. *See Iqbal*, 556 U.S. at 678. It may not rely on mere "conclusory" allegations. *See id.* at 678-79. "[T]hreadbare" recitations of the elements of the claim cannot suffice to meet this standard. *See id*. at 663. Stated differently, "unadorned" allegations that "the defendant unlawfully wronged me" coupled with mere "formulaic recitations of the elements of the cause of action will not do." *See id*. at 678.

### A. The Eleventh Amendment and Sovereign Immunity, And the Text of Section 1983 Bar Plaintiffs' Claims

Plaintiffs' claims against Defendant DA Office are barred by the Eleventh Amendment and the doctrine of sovereign immunity. Such claims also are barred by the text of section 1983.

*First,* the Federal Constitution "specifically recognizes the States as sovereign entities," a basic attribute of which is immunity from private suits. *Alden v. Maine*, 527 U.S. 706, 713 (1999). The Eleventh Amendment thus bars suit

against a state or one of its agencies, departments or officials, absent a waiver by the state or a valid congressional override,[2] when the state is the real party in interest or when any monetary recovery would be paid from state funds. *See id.* at 754-57; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state …" *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994) (citation omitted). Any monetary relief sought from Defendant DA Office would operate against the state, and so any such claims are barred by the Eleventh Amendment and sovereign immunity. *See Zatler v. Wainwright*, 802 F.2d 397, 399-400 (11th Cir. 1986).

*Second,* Defendant DA Office is not a "person" subject to suit under section 1983. Section 1983 provides a cause of action for violations of federal

[2] There is no waiver or congressional override. The State of Georgia has not consented to being sued under section 1983 and instead has preserved its sovereign immunity in the State constitution. *See* Ga. Const. Art. 1, Sec. II, Par. IX(f). And, the Supreme Court has held that section 1983 does not override the protections of the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979). While not clear, it does not appear that CAFRA overrides the immunity either. Rather, CAFRA provides a separate remedy – a motion to set aside a declaration of forfeiture timely filed – and this action does not appear to be such a motion under the statutory scheme. *See, e.g., Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005); *and see also McKinney v. United States DOJ DEA*, 580 F. Supp.2d 1, 3-4 (D. D.C. 2008).

constitutional or statutory rights by any "person" acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has ruled that the term "person" in this context is to be given its ordinary meaning, and that "a State is not a 'person; within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989).

### B. State Law Claims

#### 1. State Law Claims are Subject to Dismissal Because There Has Been no Waiver of Sovereign Immunity

For Plaintiffs' state tort claims, Plaintiffs must comply with all of the procedural and substantive requirements of the Georgia Tort Claims Act (codified at O.C.G.A. § 50-21-20). Where Plaintiffs fail to do so, the State has not waived its sovereign immunity and the claims against it must be dismissed.

#### 2. Legal Background to Sovereign Immunity and the GTCA.

The Georgia Tort Claims Act ("GTCA") is the exclusive, self-contained expression of the General Assembly's limited waiver of the State's sovereign immunity. As such, "it is declared to be the public policy of this state that the state shall only be liable in tort actions within the limitations of this article [the GTCA] and in accordance with the fair and uniform principles established in this article [the GTCA]." O.C.G.A. § 50-21-21(a)(1); *see also* O.C.G.A. § 50-21-23(a). By its own

terms, the GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a).

In passing the GTCA, the General Assembly recognized the "inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity." O.C.G.A. § 50-21-21 (a). It also recognized that due to the unique nature of government, "[t]he exposure of the state treasury to tort liability must therefore be limited." O.C.G.A. § 50-21-21 (a). Thus, the General Assembly declared as a matter of public policy that "the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article." O.C.G.A. § 50-21-21(a).

In the State of Georgia, "sovereign immunity has constitutional status and cannot be abrogated by the judiciary." *Dollar v. Dalton Public Schools*, 233 Ga. App. 827, 830 (1998). Moreover, as held by the Georgia Supreme Court, "[a] waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace. [cit]." *Riddle v. Ashe*, 269 Ga. 65, 67 (1998), *citing Woodard v. Laurens County*, 265 Ga. 404, 406 (1995).

**3. Sovereign Immunity is a Threshold Issue.**

Sovereign immunity is a threshold issue. *McConnell v. Dep't of Labor*, 302 Ga. 18, 18-19 (2017). Jurisdiction of a court to afford the relief sought, i.e. subject matter jurisdiction, is a matter that should be decided preliminarily. *See*

*McConnell*, 302 Ga. at 19; *Rivera v. Washington*, 298 Ga. 770, 776-78 (2016). Sovereign immunity is not an affirmative defense going to the merits of the case, but instead challenges the trial court's subject matter jurisdiction. *Id.* Moreover, lack of subject matter jurisdiction is a matter in abatement, which does not test the merits of the claim. *Georgia Ports Authority v. Harris*, 243 Ga. App. 508, 510 (2000). Questions of waiver of sovereign immunity are, therefore, appropriately considered in the context of a motion to dismiss for lack of subject matter jurisdiction. O.C.G.A. § 9-11-12(b). It is appropriate for the trial court, when needed, to consider evidence outside the pleadings and to resolve issues of fact in order to determine its subject matter jurisdiction within the context of a motion to dismiss. *Id. See also Manufacturers Nat. Bank v. Tri-State Glass*, 201 Ga. App. 253 (1991) ("Motions in abatement are heard under the provisions of O.C.G.A. § 9-11-43(b) 'which contemplates consideration of evidence not appearing on the face of the record.'"[internal citations omitted]). In *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 842-843 (1990), the Court of Appeals noted that when ruling on a motion to dismiss based on jurisdictional grounds, the trial court acts "as the trier of fact," thus ruling based on "where the preponderance of evidence lies, not necessarily on whether the issue may be decided as a matter of law."

**4. Plaintiffs Bear the Burden of Demonstrating a Waiver of Sovereign Immunity.**

Sovereign immunity is not an affirmative defense. The party seeking to benefit from the waiver of sovereign immunity bears the burden of proving the existence of a waiver of sovereign immunity for the claims presented by that party. *Sherin v. Department of Human Resources*, 229 Ga. App. 621, 625 (1997).

**5. Plaintiffs' state law claims should be dismissed because they have not complied with the notice requirements of O.C.G.A. § 50-21-26(a)(4).**

Prior to filing a tort lawsuit, the GTCA requires a claimant to provide an ante litem notice to the Risk Management Division of the Georgia Department of Administrative Services within 12 months of the date the loss was discovered or should have been discovered, and to send a copy to the targeted state government entity. Specifically, the statute provides:

> (a) No person having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows:
>
> (1) Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered . . . ;
>
> (2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.

O.C.G.A. § 50-21-26(a)(1) and (2).

O.C.G.A. § 50-21-26(a)(3) further provides that "[n]o action against the state under this article shall be commenced and courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection."

Moreover, even if an ante litem notice has been provided, the GTCA places the burden of proving strict compliance with the statute squarely on claimants. They must attach to their complaint a copy of the notice of claim presented to the RMD of DOAS, along with a copy of the certified mail or statutory overnight delivery receipt or receipt for other delivery to the RMD of DOAS:

> Any ***complaint*** filed pursuant to this article ***must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits.*** If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice.
>
> O.C.G.A. § 50-21-26(a)(4) (emphasis added).

"It is well established that strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient." *Cummings v. Georgia Department of Juvenile Justice*, 282 Ga. 822, 824 (2007), citing *Williams v. Georgia Department of Human Resources,* 272 Ga. 624, 624 (2000). *See also DeFloria v. Walker*, 2012 Ga. App. LEXIS 769 (Ct.

App., Sept. 6, 2012*); Dempsey v. Board of Regents of the University System of Georgia*, 256 Ga. App. 291 (2002).

Here, Plaintiffs have failed to attach to their Complaint both the ante litem notice and a receipt evidencing the statutorily authorized delivery of same to the RMD of DOAS. If not cured within 30 days after this issue is raised by this defendant, Plaintiffs' civil action "shall be dismissed without prejudice." *See Baskin v. Georgia Department of Corrections*, 272 Ga. App. 355, 356-58 (2005).

**6. Plaintiffs have failed to comply with the service provisions of O.C.G.A. § 50-21-35.**

The service provisions for tort actions brought against state government entities are set forth in the GTCA at O.C.G.A. § 50-21-35. Two of the required statutory components are that claimants must "cause process to be served upon the chief executive officer of the state government entity involved" and "cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services." *See* O.C.G.A. § 50-21-35. Another requirement is that the claimant must mail a copy of the complaint, showing its filing date, to the Attorney General in a specified manner, and attach to the complaint a certificate that this requirement has been met. *Id*.

Georgia appellate courts affirm the dismissal of cases when a plaintiff fails to properly perfect service of process upon the State as required by the GTCA. *See e.g., Green v. Central State Hosp.*, 275 Ga. App. 569, 571 (2005) (affirming

dismissal of tort claim against the Department of Corrections based on failure to serve the RMD Director of DOAS, noting that "'[t]he procedural strictures of the [GTCA], like its other terms, are strictly construed'"); *Sylvester v. Ga. Dep't of Transp.*, 252 Ga. App. 31, 32-33 (2001) (affirming dismissal of re-filed tort action where plaintiff had failed in prior action to serve process upon the director of RMD of DOAS); *Henderson v. Dep't of Transp.*, 267 Ga. 90, 90-91 (1996) (trial court's dismissal of action affirmed where there was no service of process on the RMD Director of DOAS and no mailing of the Complaint to the Attorney General).

Here, Plaintiffs have failed to serve process upon the RMD of DOAS or the send a file stamped copy of their Complaint, in statutorily authorized way, to the Attorney General. Plaintiffs also failed to attach to their Complaint a certificate stating that any of these requirements have been met. Because Plaintiffs have failed to comply with the service and mailing requirements of the GTCA, this action is subject to dismissal because subject matter jurisdiction and personal jurisdiction are lacking. *See* O.C.G.A. §§ 50-21-35 and 9-11-12(b)(1) and (2).

**7. Plaintiffs' state law claims are completely barred by the immunity provisions in O.C.G.A. § 50-21-24 of the GTCA.**

The General Assembly set forth thirteen different exceptions to the limited waiver of sovereign immunity contained in the GTCA. O.C.G.A. § 50-21-24. Relevant to this case, O.C.G.A. § 50-21-24 (4) and states:

The state shall have no liability for losses resulting from:

(4) *Legislative, judicial, quasi-judicial, or prosecutorial action or inaction*

*Id.*

If a state tort claim falls within the scope of any one of these exceptions, it is not actionable grounds of sovereign immunity. *See id.* In *Collier v. Whitworth*, 205 Ga. App. 758 (1992), the plaintiff alleged that he was held beyond the end of his prison sentence. *Collier*, 205 Ga. App. at 758. The Georgia Court of Appeals held that the plaintiff's claim was barred by the State's sovereign immunity because the GTCA specifically provides that "the state will have no liability for losses resulting from … false imprisonment." In *Rhoden v. Department of Public Safety*, 221 Ga. App. 844 (1996), the plaintiffs sued the Georgia Department of Public Safety (DPS) for several torts, including malicious prosecution and malicious arrest, on grounds that DPS had unlawfully arrested plaintiffs without probable cause and had used excessive force in making the arrest. Citing § 50-21-24(7), the Georgia Court of Appeals affirmed the trial court's dismissal of all state tort claims against DPS on grounds of sovereign immunity, noting the "General Assembly's specific refusal to waive the State's sovereign immunity for the intentional torts enumerated under O.C.G.A. § 50-21-24(7)." *Rhoden*, 221 Ga. App. at 845. The court made clear that this immunity applied to all claims and all losses, however denominated by plaintiff, because they all had some connection to the claims covered by the immunity provisions. *See id.*

The logic of *Rhoden* and *Collier* applies with equal force to the state claims here. All of the state law claims are covered under O.C.G.A. § 50-21-24(4) or stem from claims that are covered. Because these claims are exempted from the waiver of sovereign immunity under the GTCA, the Court must dismiss all of Plaintiffs' state law claims against the State.

**8. Plaintiffs' claims for punitive damages are barred by the GTCA.**

The GTCA expressly provides that:

> No award for damages under this article shall include *punitive* or exemplary damages[.]

O.C.G.A. § 50-21-30. *See also Department of Transportation v. Cannady*, 230 Ga. App. 585, 592-593 (1998). Thus, punitive damages cannot be recovered for Plaintiffs' state tort claims against the State of Georgia.

**CONCLUSION**

Defendant DA Office respectfully requests that the Court grant this motion and dismiss all claims asserted against it in the complaint in this action.

Respectfully submitted,

Christopher M. Carr 112505
Attorney General

Loretta L. Pinkston-Pope 580385
Deputy Attorney General

Roger A. Chalmers 118720
Senior Assistant Attorney General

/s/ Ronald S. Boyter, Jr.
Ronald S. Boyter, Jr. 073553
Senior Assistant Attorney General

/s/ Peter F. Fisher
PETER F. FISHER 797142
Senior Assistant Attorney General

*Counsel for Defendant District Attorney's Office*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Ron Boyter
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3695
Email: rboyter@law.ga.gov

## CERTIFICATION AS TO FONT

Pursuant to Local Rule 7.1(D), I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(B).

/s/ Ron Boyter 073553

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

Michael T. Sterling, Sr.
Law Office of Mike T. Sterling
318 Cherokee Ave., Unit B-106
Atlanta, Georgia 30312
Mike@MikeTSterlinglaw.com

This 5th day of February, 2026.

/s/ Ronald S. Boyter, Jr.
Ronald S. Boyter, Jr. 073553
Senior Assistant Attorney General

/s/ Peter F. Fisher
PETER F. FISHER 797142
Senior Assistant Attorney General