# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LADARIUS JOHNSON and )
ANDRIANE ELEY, )
                              )
Plaintiffs, )
                              ) CIVIL ACTION NO. 1:25-cv-05359-JPB
THE STATE OF GEORGIA, et al., )
Defendants. )

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FULTON COUNTY DISTRICT ATTORNEY'S OFFICE

I. **Ex parte Young permits Plaintiffs' suit for return of property because the complaint alleges an ongoing federal constitutional violation and seeks prospective relief.**

    A. Issue

Whether Eleventh Amendment sovereign immunity bars Plaintiffs' claims seeking an order requiring state officials to return property that Plaintiffs allege is being unlawfully retained after dismissal of the state forfeiture action?[1]

    B. Rule

Absent an exception, sovereign immunity precludes federal courts from entertaining a private suit against a State, but under the Ex parte Young exception,

---

[1] While this action has been pending, the Alpharetta Police Department, in an apparent attempt to rectify this matter as agents of the State and District Attorney's Office, secretly dropped the at-issue seized vehicles off at a tow yard. The tow yard then then contacted my clients to inform them their property was abandoned and they would need to pay a fee to retrieve their property. The other previously seized items remain in the custody of the State.

sovereign immunity does not bar suits seeking prospective equitable relief to end continuing violations of federal law. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th Cir. 2025).  The Ex parte Young inquiry is "straightforward": whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th Cir. 2025).

Ex parte Young rests on the principle that when a state official violates federal law, the official is stripped of official character for purposes of prospective declaratory or injunctive relief. *Alabama v. PCI Gaming Auth.,* 801 F.3d 1278 (11th Cir. 2015).  The Eleventh Amendment bars retroactive monetary relief payable by the State, but does not insulate state officials sued in their official capacities from prospective injunctive relief to remedy violations of federal constitutional law, and it also does not bar costs ancillary to that prospective relief. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

C.  Application

Plaintiffs allege that after the state forfeiture action was dismissed on January 19, 2024, for lack of service, Defendant continues to retain Plaintiffs' vehicles and other property without any court order, legal process, or justification. Those allegations plead an ongoing deprivation of property without due process and an ongoing unreasonable seizure, because the alleged constitutional injury is

not limited to the initial taking but continues so long as the property is retained without lawful authority.

Under Ex parte Young's "straightforward inquiry," Plaintiffs' allegations satisfy prong one because they assert a continuing violation of federal law (Fourth and Fourteenth Amendments) based on continued retention after the forfeiture case was dismissed. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th Cir. 2025).   Prong two is also satisfied because Plaintiffs' primary requested relief is an injunction and declaration requiring return of the specific property and cessation of the ongoing retention.  That relief is properly characterized as prospective because it seeks to end ongoing conduct (continued retention) rather than to obtain retroactive compensation from the state treasury for past harm. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th Cir. 2025).

Even if Plaintiffs also request damages, Ex parte Young still permits the prospective injunctive component to proceed against appropriate state officials, while sovereign immunity principles may limit retrospective monetary relief against the State. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

### D. Distinguishing completed violations from continuing violations

The continuing nature of the alleged wrong matters because the Ex parte Young exception turns on whether the complaint alleges an ongoing violation and seeks prospective relief. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th

Cir. 2025).  The continuing-violation doctrine likewise requires more than "present harm from a past act"; it distinguishes lingering effects of a one-time violation from the continuation of the violation into the present. *Doe v. Swearingen*, 51 F.4th 1295 (11th Cir. 2022).

Here, Plaintiffs do not allege merely lingering effects of a past seizure; they allege the present, ongoing act of retaining their property without legal process after the forfeiture action was dismissed.  That is the continuation of the alleged constitutional violation into the present, not merely a past act with continuing consequences. Doe v. Swearingen, 51 F.4th 1295 (11th Cir. 2022).

II. Dismissal of the forfeiture action eliminates any "colorable claim" to possession; continued retention is ultra vires and not shielded by sovereign immunity

A. Issue

Whether state officials can invoke sovereign immunity to retain property when, as alleged, they have no legal authority to possess it after dismissal of the forfeiture action.

B. Rule

The Supreme Court has recognized that state officers have no Eleventh Amendment immunity when they withhold a citizen's property "without the authority of law," and when sued as individuals they must "make good" any assertion of rightful possession by showing legal title and right of possession in the

plaintiff. *Fla. Dep't of State v. Treasure Salvors*, 458 U.S. 670, 102 S. Ct. 3304 (1982).  Ex parte Young applies where a state official violates federal law; the official is stripped of official character for purposes of prospective relief. *Alabama v. PCI Gaming Auth.,* 801 F.3d 1278 (11th Cir. 2015).

Georgia law similarly recognizes that suits for injunctive and declaratory relief against state officers in their individual capacities are generally maintainable when the relief is prospective, while monetary damages and other retrospective relief are barred. *Barnes v. Bearden,* 357 Ga. App. 99, 850 S.E.2d 181 (2020). Georgia precedent also recognizes that a suit may be maintained against officers personally when, while claiming to act officially, they commit or threaten to commit injury "without right and authority or contrary to the statute under which they purport to act." *Lathrop v. Deal,* 301 Ga. 408, 801 S.E.2d 867 (2017).

C.  Application

Plaintiffs allege the state forfeiture action was dismissed and that, despite dismissal, Defendant continues to retain the property without any court order or legal process.  On those pleaded facts, the continued retention is plausibly "without the authority of law," and thus fits the principle that officers cannot use sovereign immunity to shield unlawful withholding of a citizen's property. *Fla. Dep't of State v. Treasure Salvors,* 458 U.S. 670, 102 S. Ct. 3304 (1982).

Because Plaintiffs seek an order compelling return of specific property and cessation of the ongoing retention, the requested relief targets ongoing conduct that is alleged to be beyond lawful authority, bringing the claim within the Ex parte Young framework. *Alabama v. PCI Gaming Auth.,* 801 F.3d 1278 (11th Cir. 2015).

Georgia authority reinforces the same conceptual line: when officers act "without right and authority," suits for prospective relief against them are maintainable notwithstanding sovereign immunity principles that would bar suits against the State as the real party in interest. *Lathrop v. Deal,* 301 Ga. 408, 801 S.E.2d 867 (2017).  Accordingly, the dismissal of the forfeiture action (as alleged) is central because it is the pleaded event after which Defendants allegedly lack any continuing legal basis to possess the property, making the retention ultra vires.

III. Prospective return of specific property is distinct from retrospective damages; the Court can allow the former even if it limits the latter

A. Issue

Whether Plaintiffs' request for return of specific property is barred as "retrospective" relief simply because Plaintiffs also seek damages?

B. Rule

The Elventh Amendment does not bar suits against state officials in their official capacities for prospective injunctive relief to remedy violations of federal constitutional law, but it does bar retroactive monetary relief that the State will

pay. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989). Costs ancillary to prospective injunctive relief are not barred. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

### C. Application

Plaintiffs' primary request is for declaratory and injunctive relief requiring return of their vehicles and other property and cessation of the ongoing retention. That relief is forward-looking in operation because it compels officials' future conduct (returning property and stopping continued retention), rather than compensating for past injury from the state treasury.

Thus, even if the Court concludes sovereign immunity limits Plaintiffs' ability to obtain retrospective monetary damages against the State, it should not dismiss the prospective injunctive claim for return of the property. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

IV.     Georgia Tort Claims Act requirements do not defeat federal constitutional claims under 42 U.S.C. § 1983; they may affect only state tort claims

### A. Issue

Whether Defendant can require Georgia Tort Claims Act ante litem notice and related procedural compliance as a condition precedent to Plaintiffs' federal constitutional claims.

### B. Rule

Title 42 United States Code Section 1983 provides a cause of action against any "person" who, under color of state law, deprives another of federal rights, and authorizes an "action at law, suit in equity, or other proper proceeding for redress." 42 USCS § 1983.

Federal-question jurisdiction exists for claims arising under the Constitution under 28 U.S.C. § 1331, so long as the claim is not wholly insubstantial and frivolous. *Fulton v. Fulton Cty. Bd. of Comm'rs,* 148 F.4th 1224 (11th Cir. 2025). Georgia Tort Claims Act ante litem notice is a condition precedent to invoking the Georgia Tort Claims Act waiver of sovereign immunity; strict compliance is required, and failure means no waiver and no subject-matter jurisdiction for claims under that Act. *Bing v. Taylor,* 362 Ga. App. 599, 869 S.E.2d 548 (2022).

The Georgia Tort Claims Act provides that it is the exclusive remedy for torts committed by state officers or employees acting within the scope of official duties, requires that only the state government entity be named (not the employee individually) for torts for which the State is liable under the Act, and bars further action after settlement or judgment. O.C.G.A. § 50-21-25.

The Georgia Tort Claims Act's notice provision requires that no action be commenced until the Department of Administrative Services denies the claim or 90 days elapse, and it specifies required notice contents. O.C.G.A. § 50-21-26.

C. Application

Plaintiffs' core claims are pleaded as federal constitutional claims under Section 1983 seeking equitable relief for ongoing violations.  Because Section 1983 expressly authorizes suits in equity for redress of federal rights, and federal-question jurisdiction exists for constitutional claims, Georgia Tort Claims Act notice and waiver provisions-by their terms governing the State's limited waiver for tort actions-do not supply a basis to dismiss the federal constitutional claims at the threshold. 42 USCS § 1983, *Fulton v. Fulton Cty. Bd. of Comm'rs,* 148 F.4th 1224 (11th Cir. 2025).

Defendant's Georgia Tort Claims Act arguments, at most, go to whether Plaintiffs can maintain state-law tort claims against the State under the Georgia Tort Claims Act's limited waiver and strict notice regime. *Bing v. Taylor,* 362 Ga. App. 599, 869 S.E.2d 548 (2022).

To the extent Defendant argues Georgia Tort Claims Act compliance is a condition precedent to "any suit" against state officials, that position conflicts with the federal remedial scheme reflected in Section 1983's authorization of equitable relief for federal-rights violations. 42 USCS § 1983. And to the extent Defendant's motion attempts to reframe federal constitutional claims as state-law tort claims, Section 1983 is not a "font of tort law" and does not convert state procedural violations into federal constitutional violations. *Loftus v. Clark-Moore*, 690 F.3d 1200 (11th Cir. 2012).

Here, however, Plaintiffs do not premise Section 1983 liability on a mere violation of state procedure; they premise it on alleged ongoing violations of the Fourth and Fourteenth Amendments arising from continued retention without legal process after dismissal.

V. The Georgia Tort Claims Act "prosecutorial action or inaction" exception does not justify post-dismissal retention on the pleadings presented

A. Issue

Whether the Georgia Tort Claims Act exception for "prosecutorial action or inaction" bars Plaintiffs' claims based on continued retention of property after dismissal of the forfeiture action.

B. Rule

The Georgia Tort Claims Act creates a limited waiver of sovereign immunity for certain tort claims against the State, subject to exceptions. *Blackston v. Ga. Dep't of Pub. Safety,* 274 Ga. App. 373, 618 S.E.2d 78 (2005).  The Georgia Tort Claims Act is intended to limit exposure of the state treasury and protect state officers and employees from lawsuits arising from performance of official duties. O.C.G.A. § 50-21-21.

C. Application

Defendant invokes a Georgia Tort Claims Act prosecutorial exception to argue immunity.  But Plaintiffs' pleaded theory is that after the forfeiture action was dismissed, continued retention of the property is no longer tied to prosecuting

a case and is instead an ongoing, unauthorized withholding of property without legal process.

At the motion-to-dismiss stage, those allegations support the inference that the challenged conduct is administrative retention without lawful authority rather than protected prosecutorial decision-making, and thus the prosecutorial exception does not warrant dismissal of the claims as pleaded.

VI.    The state-law conversion claim: sovereign immunity and Georgia Tort Claims Act issues, and why leave to amend is the proper remedy

A. Issue

Whether Plaintiffs' Georgia conversion claim should be dismissed on sovereign immunity / Georgia Tort Claims Act grounds, and if so, whether dismissal should be without prejudice with leave to amend.

B. Rule

The Georgia Tort Claims Act is the exclusive remedy for torts committed by state officers or employees acting within the scope of official duties, and such employees are not subject to lawsuit or liability for such torts; however, the Act does not give immunity if the conduct was not within the scope of official duties or employment. O.C.G.A. § 50-21-25.

To invoke the Georgia Tort Claims Act waiver, strict compliance with ante litem notice is required; substantial compliance is insufficient, though strict

compliance is not a hyper-technical construction that does not advance the notice purpose. *Bing v. Taylor,* 362 Ga. App. 599, 869 S.E.2d 548 (2022).

Georgia law recognizes that suits for prospective injunctive and declaratory relief against officers are generally maintainable when officers act without right and authority. *Lathrop v. Deal,* 301 Ga. 408, 801 S.E.2d 867 (2017). Georgia law also recognizes that official immunity generally is no bar to claims against state officers in their individual capacities for prospective injunctive and declaratory relief from enforcement of allegedly unconstitutional laws, but suits for monetary damages and other retrospective relief are barred. *Barnes v. Bearden,* 357 Ga. App. 99, 850 S.E.2d 181 (2020).

C. Application

Plaintiffs plead conversion based on alleged wrongful retention and refusal to return property. f the Court treats conversion as a tort claim against the State for acts within the scope of employment, the Georgia Tort Claims Act's exclusivity and strict ante litem notice requirements may apply, potentially requiring dismissal absent strict compliance. O.C.G.A. § 50-21-25. *Bing v. Taylor,* 362 Ga. App. 599, 869 S.E.2d 548 (2022).

But Plaintiffs also plead that the retention is ultra vires- beyond lawful authority after dismissal-supporting the argument that the conduct is not protected as a lawful official act and that prospective relief against responsible officers

remains available. *Lathrop v. Deal,* 301 Ga. 408, 801 S.E.2d 867 (2017).

In any event, where the Court identifies a pleading or party-defendant defect (e. g. ,

Georgia Tort Claims Act party-naming rules or notice allegations), the appropriate

course is leave to amend rather than a merits dismissal with prejudice, particularly

because Plaintiffs expressly request leave to cure deficiencies.

VII.    Leave to amend should be granted to name the responsible officials and align the pleadings with Ex parte Young

A. Issue

Whether Plaintiffs should be permitted to amend to replace "Unknown State

Agents and Employees" with specific officials responsible for the ongoing

retention, to ensure Ex parte Young compliance.

B. Rule

Under Georgia's liberal amendment rule, O.C.G.A. § 9-11-15 is construed in

favor of allowing amendments, and an amendment may raise a new cause of

action. *Tenet HealthSystem GB, Inc. v. Thomas,* 304 Ga. 86, 816 S.E.2d 627

(2018).  Ex parte Young permits suits against state officials for prospective relief

to end ongoing violations of federal law. *Maron v. Chief Fin. Officer of Fla.,* 136

F.4th 1322 (11th Cir. 2025).

The Eleventh Amendment bars suits against state officials in their official

capacities when the State is the real party in interest, but does not bar official-

capacity suits for prospective injunctive relief to remedy federal constitutional violations. Stevens v. Gay, 864 F.2d 113 (11th Cir. 1989).

### C. Application

Plaintiffs have already signaled their intent to proceed against the individuals responsible for the ongoing retention by naming unknown state agents and employees and they request discovery and leave to amend to identify the proper officials.  Because Ex parte Young turns on prospective relief against officials, amendment to name the responsible officials is a targeted cure that preserves the merits of the federal constitutional claims while respecting Eleventh Amendment limits. *Maron v. Chief Fin. Officer of Fla.,* 136 F.4th 1322 (11th Cir. 2025).

Given Georgia's liberal amendment policy and the federal preference for resolving cases on the merits where a more carefully drafted complaint could state a claim, dismissal with prejudice at this stage would be unwarranted where amendment can cure the party-identification defect. *Tenet HealthSystem GB, Inc. v. Thomas,* 304 Ga. 86, 816 S.E.2d 627 (2018).

VIII.    The complaint plausibly states a claim at the motion-to-dismiss stage.

### A. Issue

Whether Plaintiffs' allegations are sufficient under Federal Rule of Civil Procedure 12(b)(6) to state plausible claims for relief.

B. Rule

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Ellis v. Cartoon Network, Inc.,* 803 F.3d 1251 (11th Cir. 2015). Plausibility requires factual content allowing a reasonable inference of liability; it is not a probability requirement. *Gissendaner v. Comm'r, Ga. Dep't of Corr.,* 803 F.3d 565 (11th Cir. 2015).

C. Application

Plaintiffs allege specific facts: seizure and transfer of property, filing and dismissal of the state forfeiture action for lack of service, and continued retention without court order or legal process after dismissal. Those facts permit a reasonable inference that the continued retention is unlawful and ongoing, and that prospective injunctive relief ordering return of the property would redress the alleged constitutional injury. At this stage, Plaintiffs need not prove the merits; they must plead enough facts to make the claim plausible, which they have done. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251 (11th Cir. 2015); *Gissendaner v. Comm'r, Ga. Dep't of Corr.,* 803 F.3d 565 (11th Cir. 2015).

IX.    Punitive damages: Georgia Tort Claims Act limits do not control Section 1983 remedies, but the Court can cabin punitive damages to proper defendants

A. Issue

Whether punitive damages are categorically barred in this case?

B. Rule

Section 1983 authorizes an action for redress against any "person" who, under color of state law, deprives another of federal rights. 42 USCS § 1983. The Eleventh Amendment bars retroactive monetary relief payable by the State, but does not bar prospective injunctive relief against officials. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

C. Application

Plaintiffs acknowledge Georgia Tort Claims Act limits on punitive damages against the State, but they seek punitive damages against individual officials in their individual capacities. Because the Eleventh Amendment analysis differs for official-capacity prospective relief versus monetary relief, the Court can deny dismissal of the prospective return-of-property claim while addressing damages remedies separately as the proper defendants are identified and the pleadings are refined. *Stevens v. Gay,* 864 F.2d 113 (11th Cir. 1989).

X. Conclusion

Plaintiffs have pleaded an ongoing violation of federal constitutional law based on continued retention of property after dismissal of the forfeiture action and seek relief properly characterized as prospective, bringing the case within Ex parte Young.  The Court should deny dismissal of the claims for declaratory and injunctive relief requiring return of the property, and, at minimum, grant leave to

amend to name the responsible officials and cure any Georgia Tort Claims Act-related defects as to any state-law tort claims.

<u>s/Michael T. Sterling, Sr.</u>

Michael Sterling, Sr.
GA Bar No: 745667
925 Sterling by Michael Sterling Law Offices
318 Cherokee Ave, Suite B-106
Atlanta, GA 30312
Ph: (844) 925-Mike Mike@MikeTSterlinglaw.com

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D</u>

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C.

The brief is prepared in 14-point Times New Roman font.

<u>s/Michael T. Sterling, Sr.</u>

Michael Sterling, Sr.
GA Bar No: 745667
925 Sterling by Michael Sterling Law Offices
318 Cherokee Ave, Suite B-106
Atlanta, GA 30312
Ph: (844) 925-Mike Mike@MikeTSterlinglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served the foregoing pleading with the Clerk of

Court using the CM/ECF system which will automatically send email notification

of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:

Mr. Roger A. Chalmers
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3220
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov

**S/ Michael Sterling, Sr.**
Michael Sterling, Sr.
GA Bar No: 745667
925 Sterling by Michael Sterling Law Offices
318 Cherokee Ave, Suite B-106
Atlanta, GA 30312
Ph: (844) 925-Mike Mike@MikeTSterlinglaw.com