**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LADARIUS JOHNSON and ANDRIANE ELEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:25-cv-05359-JPM |
| THE STATE OF GEORGIA, FULTON COUNTY DISTRICT ATTORNEY'S OFFICE, DEA AGENTS JOHN/JANE DOES 1-5, UNKNOWN STATE AGENTS AND EMPLOYEES, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT FULTON COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS**

Defendant Office of the District Attorney for the Atlantic Judicial Circuit [1]

("Defendant DA Office"), through counsel, submits this reply in support of its

motion to dismiss (Doc. 16).

**A.      Plaintiffs' federal claims against Defendant DA Office are barred**

Plaintiffs' response in sections I, II, III, VI, and IX argue that they are able

to maintain their claims against "officers" or "officials" in their individual

capacities.  While this may be true in certain circumstances, Defendant DA Office

---

[1] Plaintiffs mistakenly named Defendant as "Fulton County District Attorney's Office" in their Complaint.

is neither an "officer" or "official" of the state but instead an agency of the state and thus Plaintiffs' arguments regarding the viability of claims against such individuals has no bearing on their claims against Defendant DA Office.  As stated in the initial brief, sovereign immunity and the text of section 1983 bar Plaintiffs' federal claims against Defendant DA Office and thus they must be dismissed.

**B.      Plaintiffs' state law claims are barred by sovereign immunity**

It is not clear whether Plaintiffs concede that their state law tort claims (sections IV and V of the Response) are barred. But the law is clear that Georgia has not waived sovereign immunity for state law tort actions that are brought in federal court.  *See* O.C.G.A. § 50-21-23; *see also Polite v. Dougherty County Sch. Sys.*, 314 Fed. Appx. 180, 184 (11th Cir. 2008).  Thus, all state law claims against Defendant DA Office are subject to dismissal on this basis alone.

The Eleventh Amendment bars actions against a state or one of its agencies, departments or officials, absent a waiver by the state or a valid congressional override, when the state is the real party in interest or when any monetary recovery would be paid from state funds. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99-106 (1984). The immunity provided by the Eleventh Amendment applies both to states and to those entities that are considered "arms of the state." *See*, *e.g.*, *Fouche v. Jekyll Island State Park Auth.*, 713 F.2d 1518, 1520 (11th Cir. 1983).

The State of Georgia has not consented to be sued in federal court on state law tort claims. O.C.G.A. 50-21-23(b). The Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. I, § II, ¶ IX (f). Therefore, the State of Georgia has not waived the immunity provided to it, its agencies, and its officials under the Eleventh Amendment.[2] Thus the issues raised by Plaintiffs in sections IV, V, and IX of their response do not save the state law claims against Defendant DA Office and they must be dismissed.

### C.    Amending the pleadings does not save Plaintiffs' claims against Defendant DA Office

In sections VII and VIII, Plaintiffs argue that they should be allowed to amend their pleadings to replace the "Unknown State Agents and Employee" with specific officials they believe are responsible.  Again, this argument has no bearing on the dismissal of Defendant DA Office and provides no basis to deny Defendant DA Office's motion to dismiss.

---

[2] This outcome would not change if Plaintiffs were allowed to amend the complaint to add the individual officers or employees of the state as the GTCA does not waive sovereign immunity for actions in federal court and the GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a).

- 3 -

## CONCLUSION

For the reasons stated above and previously, Defendant DA Office respectfully requests that this Court grant its motion and dismiss all claims asserted against it in this action.

Respectfully submitted,

Christopher M. Carr         112505
Attorney General

Loretta L. Pinkston-Pope     580385
Deputy Attorney General

s/ Roger A. Chalmers
Roger A. Chalmers         118720
Senior Assistant Attorney General

Ronald S. Boyter, JR.       073553
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Ron Boyter
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3695
Fax: (404) 651-5304
Email: rboyter@law.ga.gov

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D**

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C.

The brief is prepared in 14-point Times New Roman font.

s/ Roger A. Chalmers


**CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing pleading with the Clerk of

Court using the CM/ECF system which will automatically send email notification

of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:

Michael Todd Sterling, Sr.
Dreyer Sterling
Suite A-2 437 Memorial Drive
Atlanta, Georgia 30312

This 31st day of March, 2026.

s/ Roger A. Chalmers