UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LADARIUS JOHNSON, et al.,

Plaintiffs,

v.

THE STATE OF GEORGIA, et al.,

Defendants.

CIVIL ACTION NO.
1:25-CV-05359-JPB

## ORDER

This matter comes before the Court on the State of Georgia's (the "State")

Motion to Dismiss [Doc. 9] and the Fulton County District Attorney's Office's (the

"DA's Office")[1] Motion to Dismiss [Doc. 16]. The Court finds as follows:

## BACKGROUND

Ladarius Johnson and Andriane Eley (collectively, "Plaintiffs") initiated this

action on September 18, 2025, alleging several claims arising out of the seizure of

their property by agents with the Drug Enforcement Agency ("DEA") and the

subsequent retention of that property by state and federal officials. [Doc. 1]. The

factual allegations in Plaintiffs' Complaint are brief. Plaintiffs assert that, in 2022,

---

[1] In its Motion to Dismiss, the DA's Office clarifies that Plaintiffs mistakenly named the Fulton County District Attorney's Office in their Complaint and that the proper entity is the Office of the District Attorney for the Atlantic Judicial Circuit. [Doc. 16, p. 1 & n.1].

DEA agents seized property from their home during an investigation.  Id. at 3.

According to Plaintiffs, this property included a 2021 Chevrolet Corvette and a

2019 Cadillac Escalade.  Id. at 2–3.  Plaintiffs allege that they "filed timely claims

in the administrative forfeiture" proceedings but that the DEA failed to file a

judicial complaint within ninety days as required by 18 U.S.C. § 983(a)(3)(A).  Id.

at 3.  Plaintiffs contend that the DEA then transferred the property to the DA's

Office without notice to Plaintiffs or their counsel.  Id.  After the DA's Office

received the property, Plaintiffs allege that it filed a civil forfeiture complaint in

Fulton County Superior Court on March 3, 2023, but that Plaintiffs were never

served in that case.  Id.  Nevertheless, Plaintiffs claim that Defendants continue to

hold their property without the legal right to do so.[2]  Id. at 4.

As a result of these events, Plaintiffs bring the following claims:  a claim

under 42 U.S.C. § 1983 for unlawful seizure and retention in violation of their

Fourth Amendment rights (Count I); a § 1983 claim for lack of procedural due

process in violation of their Fourteenth Amendment rights (Count II); a § 1983

claim for lack of substantive due process in violation of their Fourteenth

---

[2] In a later filing, Plaintiffs assert that the Alpharetta Police Department "secretly dropped the at-issue seized vehicles off at a tow yard" during the pendency of this action and that Plaintiffs were required to pay a fee to retrieve their property.  [Doc. 17, p. 1 n.1]. Nevertheless, Plaintiffs maintain that "[t]he other previously seized items remain in the custody of the State."  Id.

Amendment rights (Count III); a claim for conversion in violation of Georgia law (Count IV); a claim for violation of 18 U.S.C. § 983, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") (Count V); and a Bivens[3] claim for violations of their rights under the Fourth and Fifth Amendments (Count VI).  Id. at 4–5. Plaintiffs bring their claims against the State, the DA's Office and unknown John Doe defendants described as DEA agents, state agents and state employees (the "John Doe Defendants") (altogether, "Defendants").[4]  Id. at 3.  Plaintiffs seek a declaration that Defendants' conduct was unconstitutional, the return of all seized property, compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.  Id. at 6.

The State and the DA's Office each filed a Motion to Dismiss Plaintiffs' claims against them, arguing that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(1) and (6) because the State and DA's Office are entitled to Eleventh Amendment immunity and sovereign immunity and are not "persons" under § 1983.  [Doc. 9]; [Doc. 16].  Plaintiffs oppose dismissal, arguing that

---

[3] A Bivens claim "challenges the constitutionality of the actions of federal officials" and creates a remedy where federal officials violate a plaintiff's constitutional rights while acting under color of federal law.  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

[4] Plaintiffs appear to bring their CAFRA and Bivens claims solely against the John Doe DEA agents; they bring their other claims, however, against all Defendants.  [Doc. 1, pp. 4–5].

3

immunity does not bar their claims against state officials and, in the alternative, they request leave to amend to address the immunity arguments and to name the responsible state officials.  [Doc. 11]; [Doc. 17].  The motions are now ripe for review.

## LEGAL STANDARD

### I.  Federal Rule of Civil Procedure 12(b)(1)

Challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) take two forms.  A facial attack questions subject matter jurisdiction based on the allegations in the complaint alone.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  This is not the case for a factual attack, which contests jurisdiction "in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."  Morrison, 323 F.3d at 924 n.5 (citation modified).  Finally, "[t]he burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction."  Murphy v. Sec'y, U.S. Dep't of Army, 769 F. App'x 779, 782 (11th Cir. 2019).

## II.  Federal Rule of Civil Procedure 12(b)(6)

For a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

In their Motions to Dismiss, the State and the DA's Office argue that Plaintiffs' claims are subject to dismissal because this Court lacks subject matter jurisdiction and because Plaintiffs otherwise fail to state a claim against them. Specifically, the State and the DA's Office contend that Plaintiffs' claims are

barred by the Eleventh Amendment and the doctrine of sovereign immunity and that neither defendant is a "person" under § 1983. [Doc. 9, pp. 2–5]; [Doc. 16, pp. 3–5]. As to Plaintiffs' state-law conversion claim, the State and the DA's Office also assert that Plaintiffs failed to comply with the requirements of the Georgia Tort Claims Act ("GTCA"). [Doc. 9, pp. 4–5 n.2]; [Doc. 16, pp. 5–13]. Plaintiffs oppose the Motions to Dismiss and request that, if the Court finds that any of their claims are subject to dismissal, it grant them leave to amend their pleading and allow limited discovery to uncover the identity of the John Doe Defendants. [Doc. 11]; [Doc. 17].

## I. The Motions to Dismiss

### A. The State

The State argues that Plaintiffs' claims against it are subject to dismissal because the claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity and that it is not a "person" under § 1983. [Doc. 9].

### i. Eleventh Amendment Immunity

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)).

"The Eleventh Amendment is an explicit limitation on the judicial power of the United States.  It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction." Pennhurst, 465 U.S. at 119–20 (citation modified).

There are two recognized exceptions to Eleventh Amendment immunity in suits against states:[5]  (1) a state may waive its immunity expressly through legislative enactment; or (2) Congress can abrogate the immunity without a state's consent when Congress acts pursuant to its authority under the enforcement provisions of Section 5 of the Fourteenth Amendment.  Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990).  As to the first exception, there is no indication here that the State has waived its Eleventh Amendment immunity as to any of Plaintiffs' claims.  Indeed, the State has specifically preserved its immunity provided by the United States Constitution.  Ga. Const. art. I, § II, para. IX(f).

---

[5] The Ex parte Young exception, which Plaintiffs discuss at length, only applies to suits against state officers, not the state itself.  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (noting that the Ex Parte Young doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").  Plaintiffs appear to acknowledge this limitation.  See [Doc. 11, p. 4] ("While the Ex Parte Young doctrine applies to state officials rather than the State itself, Plaintiffs have named 'Unknown State Agents and Employees' in their complaint, which is sufficient to invoke the doctrine.'").

As to the second exception, for a statute to override Eleventh Amendment immunity, it must include an "unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" Pennhurst, 465 U.S. at 99 (quoting Quern v. Jordan, 440 U.S. 332, 342 (1979)). Section 1983 does not contain such an expression, and Plaintiffs' § 1983 claims against the State are therefore barred by Eleventh Amendment immunity.[6]  Carr, 916 F.2d at 1525 ("Congress has not abrogated eleventh amendment immunity in section 1983 cases."); see also Pennhurst, 465 U.S. at 120 ("[I]f a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim."). Nevertheless, even if the State were not immune, Plaintiffs would still fail to state a claim under § 1983 because states are not "persons" under § 1983 and the statute

---

[6] To the extent Plaintiffs allege a CAFRA claim against the State, the text of CAFRA does not contain an unequivocal expression abrogating Eleventh Amendment immunity; in fact, the statute does not mention the Eleventh Amendment or abrogation at all.  See 18 U.S.C. § 983; see also Monroe v. Fort Valley State Univ., 93 F.4th 1269, 1276–77 (11th Cir. 2024) (finding a statutory provision did not abrogate a state's immunity under the Eleventh Amendment because it did not mention the Eleventh Amendment, the states or abrogation).  Therefore, any CAFRA claim against the State is also barred by Eleventh Amendment immunity.  Furthermore, CAFRA deals with federal forfeiture proceedings, and it is unclear how this statute could provide Plaintiffs a cause of action against Defendants.  See Montero v. United States, No. 23-13571, 2024 WL 4120235, at *3 (11th Cir. Sep. 9, 2024) ("[CAFRA] is a law that has its own remedial scheme, requiring individuals claiming ownership interests in seized property subject to forfeiture to file their claims in the associated forfeiture actions." (citing 18 U.S.C. § 983(a)(4)(A)).

only creates a cause of action for violations by "persons." <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Finally, Eleventh Amendment immunity also applies to "state-law claims brought into federal court under pendent jurisdiction." <u>Pennhurst</u>, 465 U.S. at 120–21. Thus, like their federal claims, Plaintiffs' state-law conversion claim is barred by Eleventh Amendment immunity. <u>See</u> <u>Abdullah v. Ala. Sent'g Comm'n</u>, No. 08cv855, 2009 WL 3063346, at *5 (M.D. Ala. Sep. 22, 2009) ("[T]he Eleventh Amendment operates as a bar not just with respect to plaintiff's federal claims, but also as to the state-law claims which are before the court pursuant to the court's supplemental jurisdiction."). Thus, Plaintiffs' claims against the State are all foreclosed by Eleventh Amendment immunity and should be dismissed.

### ii. Sovereign Immunity

Plaintiffs' claims are also barred under the State's sovereign immunity doctrine. Unless otherwise waived, the State—including its departments and agencies—maintains sovereign immunity from suit. Ga. Const. art. I, § II, para. IX(e). Here, Plaintiffs bear the burden of establishing waiver because they seek to benefit from the waiver. <u>Bomia v. Ben Hill Cnty. Sch. Dist.</u>, 740 S.E.2d 185, 188 (Ga. Ct. App. 2013). Plaintiffs have failed to show that the State waived its

9

sovereign immunity with respect to their claims.  Indeed, the State has specifically preserved its sovereign immunity from suits in federal court.  See O.C.G.A. § 50-21-23(b).  Thus, Plaintiffs' claims are also subject to dismissal under the doctrine of sovereign immunity.[7]

### B.  The DA's Office

Like the State, the DA's Office asserts that Plaintiffs' claims against it should be dismissed because it is protected by Eleventh Amendment immunity and sovereign immunity, it is not a "person" under § 1983 and because Plaintiffs failed to comply with the requirements of the GTSA.

### i.  Eleventh Amendment Immunity

Eleventh Amendment immunity extends to an "arm of the state, which includes agents and instrumentalities of the State."  Scruggs v. Lee, 256 F. App'x 229, 231 (11th Cir. 2007) (citation modified).  Courts look at four factors to decide whether an entity is an arm of the state:  "(1) how state law defines the entity; (2)

---

[7] Plaintiffs' state-law conversion claim is also barred by sovereign immunity because Plaintiffs failed to show compliance with the mandatory procedures set forth in the GTCA, which include an ante litem notice and specific service requirements before a plaintiff can benefit from the GTCA's waiver of sovereign immunity.  O.C.G.A §§ 50-21-26, 50-21-35; Borroughs v. Ga. Ports Auth., 793 S.E.2d 538, 542 (Ga. Ct. App. 2016) (noting that "strict compliance with the provisions of the GTCA is a condition precedent to [a plaintiff's] right to file suit against" the State).  Here, Plaintiffs have failed to demonstrate that they complied with either the ante litem requirement or the service requirement.

what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Scruggs, 256 F. App'x at 231 (quoting Manders v. Lee, 338 F.3d 1304, 1309 (11th Cir. 2003)).  District attorney's offices in Georgia are considered "arms of the state" because they are funded by the State and their employees are state officials. Harned v. Fulton Cnty. Clerk of the Ct.'s Off., No. 22-CV-03476, 2023 WL 5248046, at *7 (N.D. Ga. July 21, 2023) (finding that a Georgia district attorney's office was an arm of the state), aff'd, No. 23-12543, 2024 WL 4050561 (11th Cir. Sep. 5, 2024), cert. denied, 145 S. Ct. 2740 (2025).  Thus, for the same reasons that Plaintiffs' claims against the State are barred by the Eleventh Amendment, they are also barred against the DA's Office and should be dismissed.[8]

### ii. Sovereign Immunity

The DA's Office is also entitled to sovereign immunity under Georgia law. See Ga. Const. art. I, § II, para. IX(e) (reserving sovereign immunity for the State and its agencies).  Accordingly, Plaintiffs' claims against the DA's Office are barred by state law for the reasons discussed above.  Namely, Plaintiffs have failed

---

[8] Plaintiffs' § 1983 claims against the DA's Office are also subject to dismissal because, like the State, the DA's Office is not a "person" under § 1983.  See Belvin v. Burke Cnty. Sheriff Dep't, CV 113-218, 2014 U.S. Dist. LEXIS 58005, at *6 (S.D. Ga. Mar. 12, 2014) (finding that a district attorney's office was not a proper entity subject to suit under § 1983).

to show that the DA's Office or the State waived sovereign immunity as to the instant action or that Plaintiffs satisfied the procedural requirements of the GTCA.

In conclusion, the Court finds that Plaintiffs' claims against the State and the DA's Office must be dismissed because these entities are entitled to Eleventh Amendment immunity and sovereign immunity and because they are not "persons" under § 1983.  The Court will now analyze Plaintiffs' requests for discovery and for leave to amend their pleading.

## II.  Discovery

Plaintiffs request that the Court allow them to conduct limited discovery for the purpose of identifying the John Doe Defendants in this action.  [Doc. 11, p. 12]; [Doc. 17, p. 14].  The State opposes the request for discovery—asserting that Plaintiffs failed to identify the John Doe Defendants with sufficient specificity and that it should not be subject to discovery because it is immune from Plaintiffs' claims.  [Doc. 13, pp. 3–4].

As a starting point, fictitious party pleading is generally not permitted in federal proceedings except "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (quoting Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).  Generic and vague descriptions of the defendant's job and physical

appearance are not sufficient to meet this standard.  See, e.g., Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (finding descriptions such as "a male detective," "one of the officers at the hospital" and "an FBI Agent" insufficient to support fictitious party pleading).  Importantly, the Eleventh Circuit Court of Appeals has refused to allow plaintiffs to proceed against fictitious defendants "solely on the ground that discovery might reveal an unnamed defendant's identity."  Id. at 880.

Here, Plaintiffs fail to describe or identify the John Doe Defendants with any degree of specificity.  Indeed, Plaintiffs' only description of the John Doe Defendants is that they are "individuals employed by DEA or the State of Georgia whose actions or omissions violated Plaintiffs' constitutional rights."  [Doc. 1, p. 3].  This description falls short of the level of detail required to proceed with fictitious party pleading.  See Vielma, 808 F. App'x at 880.  Moreover, the State and the DA's Office have asserted immunity defenses in this action, and Plaintiffs' claims against them are subject to dismissal on these grounds.  Even if the Court were to deny the Motions to Dismiss without prejudice and allow Plaintiffs to amend their pleading, it would be improper to subject the State and the DA's Office to discovery without deciding the merits of their immunity defenses.  See Snead v. Ga. Dep't of Corrs., No. 24-10511, 2024 WL 4132941, at *3 (11th Cir.

Sep. 10, 2024) (finding that a district court erred in deferring a ruling on immunity and requiring discovery so that the plaintiff could ascertain facts about the underlying incident and the identity of those involved); see also Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) ("[I]mmunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."). Accordingly, Plaintiffs' request for discovery to identify the John Doe Defendants is **DENIED**.

### III.  Leave to Amend

The Eleventh Circuit has made clear that, "where a request for leave to file an amended complaint is simply imbedded within an opposition memorandum, the issue has not been raised properly." Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018) (citation modified).  Nevertheless, Federal Rule of Civil Procedure 15 dictates that courts "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  Thus, when a plaintiff who is represented by counsel fails to properly request leave to amend, district courts have broad discretion to allow amendment or forbid it.  Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002); Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 1000 (11th Cir. 2021).

Nevertheless, a district court need not grant leave to amend where the amendment would be futile, meaning the amendment could not cure the deficiencies identified. Whatley v. Ohio Nat'l Life Ins. Co., 851 F. App'x 910, 919 (11th Cir. 2021).

Here, although the Court has found that Plaintiffs' claims against the State and the DA's Office are subject to dismissal, it will nevertheless allow Plaintiffs the opportunity to amend their pleading to name the John Doe Defendants referenced in their original pleading or, at least, attempt to describe these individuals in sufficient detail to proceed with fictitious party pleading. Amendment is appropriate here because it will allow Plaintiffs the opportunity to better identify the John Doe Defendants and to clarify their claims, including whether they request monetary damages and what seized property remains outside their possession because of the events underlying this action.

Accordingly, Plaintiffs are permitted to file an amended complaint asserting claims against the John Doe Defendants to the extent Plaintiffs can name or identify the John Doe Defendants in greater detail. However, for the reasons explained above, Plaintiffs may not amend their complaint as to their claims against the State and the DA's Office because amendment of these claims would be futile. Whatley, 851 F. App'x at 919.

**CONCLUSION**

For the reasons stated herein, the State of Georgia's Motion to Dismiss [Doc. 9] and the Fulton County District Attorney's Office's Motion to Dismiss [Doc. 16] are **GRANTED**.  Plaintiffs' claims against the State of Georgia and the Fulton County District Attorney's Office[9] are hereby **DISMISSED** from this action.  Plaintiffs may amend their pleading to adequately plead specific claims and identify suitable defendants within fourteen days of this Order.  If Plaintiffs fail to file an amended complaint within the time period set forth by this Order, the Clerk is **DIRECTED** to resubmit this matter to the undersigned.

**SO ORDERED** this 14th day of July, 2026.

J. P. BOULEE
United States District Judge

---

[9] The Court uses the name for this defendant given by Plaintiffs in the Complaint, but recognizes that this defendant identifies itself as the District Attorney for the Atlantic Judicial Circuit.  [Doc. 16, p. 1 & n.1].